MICHAEL JAY GREEN AND ASSOCIATES, INC.
MICHAEL JAY GREEN          4451
~ and ~
LAW OFFICE OF BRIAN K. MACKINTOSH
BRIAN K. MACKINTOSH          9525
841 Bishop Street, Suite 2201
Honolulu, Hawai'i 96813
Telephone: (808) 521-3336
Facsimile:  (808) 566-0347

Attorneys for Plaintiff
SHANNELL L. GRILHO

FIRST CIRCUIT COURT
STATE OF HAWAII
FILED
2017 MAY 12 AM 11: 27
J. KUBO
CLERK

IN THE CIRCUIT COURT OF THE FIRST CIRCUIT

STATE OF HAWAI'I

| | |
|---|---|
| SHANNELL L. GRILHO,<br><br>　　　　　　　　Plaintiff,<br><br>vs.<br><br>PIONEER HI-BRED INTERNATIONAL, INC.; <u>E.I. DU PONT DE NEMOURS AND COMPANY</u>; and DOE DEFENDANTS 1-10,<br><br>　　　　　　　　Defendants. | Civil No. 17-1-0779-05  VLC<br>(Other Non-Vehicle Tort)<br><br>COMPLAINT; DEMAND FOR JURY TRIAL; and SUMMONS |

## **COMPLAINT**

SHANNELL L. GRILHO, by and through her attorneys, Michael Jay Green and Brian K. Mackintosh, alleges the following allegations and claims against Defendants PIONEER HI-BRED INTERNATIONAL, INC., E.I. DU PONT DE NEMOURS AND COMPANY, and DOE DEFENDANTS 1-10 ("Defendants"):

I do hereby certify that this is a full, true, and correct copy of the original on file in this office.

Clerk, First Circuit, State of Hawaii

EXHIBIT 1

## JURISDICTION AND VENUE

1. This Court has personal jurisdiction over the above Defendants under Hawaii Revised Statutes ("HRS") § 634-35, as the tortious conduct alleged herein arises within this state.

2. This Court has subject matter jurisdiction over this action under HRS § 603-21.5.

3. Venue is proper before this Court under HRS § 603-36.

## PARTIES

4. Plaintiff SHANNELL L. GRILHO ("PLAINTIFF") is a resident of the County of Honolulu, Hawaii.

5. Defendant PIONEER HI-BRED INTERNATIONAL, INC. ("PIONEER"), is a foreign profit corporation based in Wilmington, Delaware.

6. Defendant E.I. DU PONT DE NEMOURS AND COMPANY ("DU PONT") is a foreign profit corporation based in Wilmington, Delaware.

7. By information and belief, Defendant DU PONT purchased PIONEER in 1999. The Parent, DU PONT, and subsidiary, PIONEER, now collectively do business as DUPONT PIONEER. Defendants DU PONT, PIONEER, and DUPONT PIONEER are collectively referred to herein as "DUPONT PIONEER".

8. PLAINTIFF has reviewed records that were made available to her in order to ascertain the true and full names and identities of all defendants in this action, but no further knowledge or information regarding

2

the parties responsible is available at this time and PLAINTIFF is unable to ascertain the identity of the defendants in this action designated as DOE DEFENDANTS 1-10 ("Doe Defendants"); Doe Defendants are sued herein under fictitious names for the reason that their true names and identities are unknown to PLAINTIFF except that they may be connected in some manner with Defendants and may be agents, attorneys, servants, employees, employers, representatives, co-venturers, co-conspirators, associates, or independent contractors of Defendants and/or were in some manner responsible for the injuries or damages to PLAINTIFF and their true names, identities, capacities, activities and responsibilities are presently unknown to Plaintiff or their attorneys.

## COMMON FACTUAL ALLEGATIONS

9. PLAINTIFF began working at the DUPONT PIONEER facility in Waialua, Hawai'i on the island of Oahu in September 2013 as a temporary worker employed by Kelly Services, Inc.

10. As a temporary worker, DUPONT PIONEER did not allow PLAINTIFF to handle potentially hazardous chemicals or machinery. In this capacity, Plaintiff received a raise and was named DUPONT PIONEER employee of the month.

11. In December 2013, DUPONT PIONEER hired PLAINTIFF directly and required her to work with hazardous chemicals including but not

limited to Roundup, Liberty, and Honcho herbicides in the shade-house of DUPONT PIONEERS' facility.

12. DUPONT PIONEER required PLAINTIFF to apply herbicides and biocides while wearing a backpack sprayer, driving an ATV while applying herbicides with a backpack sprayer, and drive while others applied herbicides with a backpack sprayer.

13. During the applications of herbicides, the PLAINTIFF (and other DUPONT PIONEER employees) was exposed to considerable amounts of air-born herbicide that covered her clothes, skin, eyes, and face, and which she ingested and inhaled because of the method of application.

14. PLAINTIFF requested training and personal protective equipment ("PPE") for use around the herbicides that she and co-employees applied.

15. Alex Lehman, her immediate supervisor and employee of DUPONT PIONEER denied her requests for training and PPEs. Lehman told Plaintiff that she needed to study the material safety data sheets on her own. Lehman refused to provide time to learn about the chemicals Plaintiff worked with.

16. In addition to the herbicides applied in the shade-house, DUPONT PIONEER used boom sprayers mounted on large tractors to spray chemicals next to the shade-house. In the safety meetings, PLAINTIFF was told

she should be at least 500' away from the sprayer and should move if they were able to smell the chemical.

17. Lehman would order PLAINTIFF to remain working in the shade-house when the boom sprayers came closer than 500' and when she could smell the chemicals drift into her work area.

18. When the boom-sprayers came to close, PLAINTIFF would take her co-workers to a safe area to wait for roughly 15 minutes until the air appeared clear of the air-born chemical.

19. Lehman reprimanded PLAINTIFF when he found out that she had taken her co-workers away from the hazard rather than continuing to work.

20. Lehman told PLAINTIFF to not use two-way radios if she had safety concerns about the chemicals being sprayed around her. Lehman ordered Plaintiff to contact him directly by telephone so that others would not hear the conversation about PLAINTIFF's safety concerns.

21. PLAINTIFF reported to Lehman's supervisor, Alika Napier, that Lehman subjected her to hazardous conditions, refused to provide safety equipment or proper training for the hazardous chemicals she worked with.

22. PLAINTIFF suspected that Lehman's denial of training, PPE's, and the work conditions Lehman subjected Plaintiff to constituted violations of state or federal laws regulating the safe use of hazardous chemicals.

5

23. Lehman's denial of training, PPE, and subjection to hazardous work conditions constituted a violation of DUPONT PIONEER's internal policies and contractual obligation to PLAINTIFF.

24. Immediately after reporting Lehman's suspected statutory, regulatory, and contractual obligations to Alika Napier, PLAINTIFF was transferred out of the shade-house to work roguing (removing defective or inferior plants) in the field in retaliation for PLAINTIFF's complaints about DUPONT PIONEER's safety violations.

25. The fieldwork was more physically demanding than work in the shade house, and the transfer intended to retaliate against PLAINTIFF for whistleblowing.

26. In the field, DUPONT PIONEER's supervisor, Wayne Kadooka ("Kadooka"), forced PLAINTIFF to work in even closer proximity to the boom sprayers than DUPONT PIONEER's safety officer said was allowed. PLAINTIFF could smell and feel the spray from the boom sprayers as it settled on and around her.

27. Kadooka forced PLAINTIFF to work in areas that were supposed to be evacuated because hazardous chemicals had been applied to the area in the past 24-hours.

28. PLAINTIFF again reported the illegal and hazardous working conditions to Supervisors Kadooka and Keoni Chong.

29. Kadooka told PLAINTIFF to not report the conditions to other supervisors, including Supervisor Marty Wilcox.

30. DUPONT PIONEER refused to honor its commitment to fund PLAINTIFF's Education Assistance Program in retaliation for her whistleblowing activities.

31. On February 17, 2015, PLAINTIFF injured her knee and began receiving Temporary Disability Insurance benefits.

32. On September 10, 2015, DUPONT PIONEER terminated PLAINTIFF based on the allegation fabricated by DUPONT PIONEER or its agents and/or employees that PLAINTIFF accepted long-term disability.

33. PLAINTIFF had specifically rejected long-term disability benefits.

34. DUPONT PIONEER fabricated her acceptance of long-term disability benefits in retaliation for PLAINTIFF's whistleblowing activities and in an effort to terminate her for those whistleblowing activities.

35. On September 11, 2015, DUPONT PIONEER reinstated PLAINTIFF as an employee but told her that there was no light duty work available when there was light duty work available.

36. DUPONT PIONEER refused to provide light duty in retaliation for PLAINTIFF's whistleblowing activities.

37. During September 2015, DUPONT PIONEER used temporary workers to fill light duty positions that PLAINTIFF could have filled, in violation

of its contractual obligations to her as a permanent employee and in retaliation for her whistleblowing activities.

38. In October 2015, DUPONT PIONEER told PLAINTIFF that a light duty position had to be able to lift 50-pounds and wear steel-toed shoes. Other employees performing the same job did not lift 50-pounds and wore rubber slippers to work. DUPONT PIONEER attempted to enforce higher standards on PLAINTIFF in retaliation for her whistleblowing activities.

39. On or around December 1, 2015, attorney Venetia K. Carpenter-Asui delivered a demand letter to DUPONT PIONEER on behalf of PLAINTIFF detailing PLAINTIFF's whistleblowing allegations.

40. On December 23, 2015 — two days before Christmas — DUPONT PIONEER terminated PLAINTIFF due to the fabricated allegation that it did not have sufficient work for PLAINTIFF.

41. DUPONT PIONEER terminated PLAINTIFF in retaliation for her long-standing whistleblowing activities and her allegations of retaliation made through her attorney.

42. On January 22, 2016, DUPONT PIONEER fired PLAINTIFF's husband.

43. Morgan Armitage had worked for DUPONT PIONEER for roughly 13-years prior to his termination, but DUPONT PIONEER terminated his employment within two months of receiving his wife's demand letter.

44. PLAINTIFF's demand letter is a protected whistleblowing action.

45. DUPONT PIONEER fired PLAINTIFF's husband to retaliate against PLAINTIFF for PLAINTIFF's protected whistleblowing activities.

COUNT I
HAWAII WHISTLEBLOWER'S PROTECTION ACT (HRS § 378-63)
(Against All Defendants)

46. PLAINTIFF repeats and incorporates the preceding paragraphs as if fully contained herein.

47. DUPONT PIONEER, discriminated against PLAINTIFF in retaliation for PLAINTIFF reporting to her employer violations or suspected violations a law, rule, ordinance, or regulation, adopted pursuant to law of this State, a political subdivision of this State, or the United States.

48. DUPONT PIONEER is liable for the discrimination against PLAINTIFF under HRS § 378-63.

COUNT II
NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS
(Against All Defendants)

49. PLAINTIFF repeats and incorporates the preceding paragraphs as if fully contained herein.

50. DUPONT PIONEER owed a duty of care to PLAINTIFF to have a workplace free of retaliation for reporting violations or suspected violations of violations or suspected violations a law, rule, ordinance, or regulation, adopted

pursuant to law of this State, a political subdivision of this State, or the United States.

51. DUPONT PIONEER breached that duty of care when it discriminated against PLAINTIFF by treating her differently, giving her more difficult assignments, and terminating her due to her protected whistleblowing activity.

52. The discriminatory action caused and continues to cause significant mental and physical distress to PLAINTIFF, including but not limited to anxiety, depression, sleeplessness, loss of appetite, and loss of concentration.

53. DUPONT PIONEER is liable to PLAINTIFF for negligent infliction of emotional distress.

## COUNT III
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
(Against All Defendants)

54. PLAINTIFF repeats and incorporates the preceding paragraphs as if fully contained herein.

55. DUPONT PIONEER's retaliatory action was intentional or reckless, was outrageous, and caused extreme emotional distress to PLAINTIFF.

56. DUPONT PIONEER is liable to PEDRO for intentional infliction of emotional distress.

WHEREFORE, PLAINTIFF demands judgment against Defendants in an amount to be shown at trial but in excess of the jurisdictional minimum for this court, as follows:

A. For special and general damages as the evidence may warrant at trial;

B. For consequential damages as the evidence may warrant at trial;

C. For prejudgment and post judgment interest;

D. For lost wages;

E. For punitive and exemplary damages; and

F. For their reasonable costs and attorneys' fees to be awarded to Plaintiff as the successful parties in the litigation; and/ or for such other and further relief that this Court deems appropriate.

DATED: Honolulu, Hawai'i, May 12, 2017.

_____
MICHAEL JAY GREEN
BRIAN K. MACKINTOSH
Attorneys for Plaintiff
SHANNELL L. GRILHO

IN THE CIRCUIT COURT OF THE FIRST CIRCUIT

STATE OF HAWAI'I

| | |
|---|---|
| SHANNELL L. GRILHO, <br><br> Plaintiff, <br><br> vs. <br><br> PIONEER HI-BRED INTERNATIONAL, INC.; E.I. DU PONT DE NEMOURS AND COMPANY; and DOE DEFENDANTS 1-10, <br><br> Defendants. | Civil No. 17-1-0779-05  VLC· <br> (Other Non-Vehicle Tort) <br><br> DEMAND FOR JURY TRIAL |

**DEMAND FOR JURY TRIAL**

Plaintiff SHANNELL L. GRILHO hereby demands trial by jury on all issues so triable.

DATED: Honolulu, Hawai'i, May 12, 2017.

_____
MICHAEL JAY GREEN
BRIAN K. MACKINTOSH
Attorneys for Plaintiff
SHANNELL L. GRILHO

IN THE CIRCUIT COURT OF THE FIRST CIRCUIT

STATE OF HAWAI'I

| | |
|---|---|
| SHANNELL L. GRILHO,<br><br>                Plaintiff,<br><br>vs.<br><br>PIONEER HI-BRED INTERNATIONAL, INC.; E.I. DU PONT DE NEMOURS AND COMPANY; and DOE DEFENDANTS 1-10,<br><br>                Defendants. | Civil No. 17-1-0779-05  VLC.<br>(Other Non-Vehicle Tort)<br><br>SUMMONS |

**SUMMONS**

STATE OF HAWAI'I

TO:  THE DEFENDANTS

      YOU ARE HEREBY SUMMONED and required to file with the court and serve upon Plaintiff's attorneys, whose address is stated above, an answer to the Complaint which is herewith served upon you, within twenty (20) days after service of this summons upon you, exclusive of the day of service.

      If you fail to make your answer within the twenty (20) day time limit, judgement by default will be taken against you for the relief demanded in the Complaint.

      This Summons shall not be personally delivered between 10:00 p.m. and 6:00 a.m. on premises not open to the general public, unless a judge

of the above-entitled Court permits, in writing on this Summons, personal delivery during those hours.

A failure to obey this Summons may result in an entry of default and default judgment against this disobeying person or party.

DATED: Honolulu, Hawai'i, __MAY 1 2 2017__.

J. KUBO

CLERK OF THE ABOVE-ENTITLED COURT

**Jackson Lewis, P.C., ALC**
WAYNE S. YOSHIGAI    4318-0
ANDREW L. PEPPER     5141-0
1088 Bishop Street, Suite 4100
Honolulu, Hawai'i         96813
Telephone:  (808) 526-0404
Facsimile:  (808) 744-7972
Email:      Wayne.Yoshigai@jacksonlewis.com
            Andrew.Pepper@jacksonlewis.com

Attorneys for Defendants
PIONEER HI-BRED INTERNATIONAL, INC.
and E.I. DU PONT DE NEMOURS
AND COMPANY

FIRST CIRCUIT COURT
STATE OF HAWAII
FILED

2017 JUN 15 AM 8: 44

_____
CLERK

IN THE CIRCUIT COURT OF THE FIRST CIRCUIT

STATE OF HAWAII

| | |
|---|---|
| SHANNELL L. GRILHO,<br><br>Plaintiff,<br><br>vs.<br><br>PIONEER HI-BRED INTERNATIONAL, INC., E.I. DU PONT DE NEMOURS AND COMPANY; and DOE DEFENDANTS 1-10,<br><br>Defendants. | CIVIL NO.: 17-1-0779-05 VLC<br><br>DEFENDANTS PIONEER HI-BRED INTERNATIONAL, INC.'S AND E.I. DU PONT DE NEMOURS AND COMPANY'S **ANSWER** TO COMPLAINT; CERTIFICATE OF SERVICE<br><br>Trial Date: None set. |

**DEFENDANTS PIONEER HI-BRED INTERNATIONAL, INC.'S AND E.I. DU PONT DE NEMOURS AND COMPANY'S ANSWER TO COMPLAINT,**

Defendants PIONEER HI-BRED INTERNATIONAL, INC. and E.I. DU PONT DE NEMOURS AND COMPANY ("Defendants"), hereby answer the Complaint ("Complaint") filed by Plaintiff SHANNELL L. GRILHO ("Plaintiff") on May 12, 2017, as follows:

## **FIRST DEFENSE**

The Complaint fails to state a claim against Defendants upon which relief can be granted.

## **SECOND DEFENSE**

1. Defendants admit the allegations contained in paragraphs 2, 3, 4, 6, 7, and 39 of the Complaint.

2. Defendants deny the allegations contained in paragraphs 1, 13, 14, 15, 17, 18, 19, 20, 21, 23, 24, 25, 27, 28, 29, 30, 31, 32, 34, 35, 36, 37, 38, 40, 41, 42, 45, 47, 48, 51, 52, 53, 55, and 56 of the Complaint.

3. In response to paragraphs 44 and 50 of the Complaint, the allegations state a legal conclusion. The law speaks for itself and cannot be admitted or denied.

4. In response to paragraphs 8, 22 and 33, Defendants are without sufficient knowledge or information regarding the allegations contained therein and therefore deny the same.

5. In response to paragraphs 46, 49, and 54 of the Complaint, Defendants deny, admit, or qualify their response consistent with the responses to paragraphs 1-56 of the Complaint.

6. In response to paragraph 5, Defendants admit Defendant PIONEER HI-BRED INTERNATIONAL, INC. is a corporation organized and existing under the laws of the State of Iowa. Defendants deny all remaining allegations contained in paragraph 5.

7. In response to paragraph 9, Defendants admit Plaintiff began working at Defendants' facility in Waialua, Hawai'i on the island of Oahu as a temporary worker employed by Kelly Services, Inc. Defendants deny all remaining allegations contained in paragraph 9.

8. In response to paragraph 10, Defendants admit that as a temporary worker, Plaintiff was not allowed to handle pesticides or machinery. Defendants admit Plaintiff received a pay increase while employed by Kelly Services, Inc. Defendants deny all remaining allegations contained in paragraph 10.

9. In response to paragraph 11, Defendants admit Plaintiff was utilized by Defendants as a temporary employee in December 2013. Defendants admit Plaintiff worked with approved pesticides, including Honcho, outside the shade-house of Defendants' facilities. Defendants deny all remaining allegations contained in paragraph 11.

10. In response to paragraph 12, Defendants admit Plaintiff applied approved herbicides while wearing a backpack sprayer. Defendants deny all remaining allegations contained in paragraph 12.

11. In response to paragraph 16, Defendants admit Defendants' employees applied approved herbicides outside the shade-house of Defendants' facilities. Defendants admit that boom sprayers mounted on large tractors are used to spray approved pesticides. Defendants admit that in safety meetings employees are told that they should leave the area if they are able to smell

pesticides from the boom sprayers. Defendants deny all remaining allegations contained in paragraph 16.

12. In response to paragraph 26, Defendants are without sufficient knowledge or information regarding the allegation that Plaintiff could smell and feel the spray from the boom sprayers as it settled on and around her and therefore deny the same. Defendants deny all remaining allegations contained in paragraph 26.

13. In response to paragraph 43, Defendants admit Morgan Armitage began his employment with Defendants in April 2003. Defendants deny all remaining allegations contained in paragraph 43.

14. Answering Paragraphs A to F, Defendants deny Plaintiff is entitled to any of the relief requested in the Complaint.

### THIRD DEFENSE

This Court lacks subject matter jurisdiction.

### FOURTH DEFENSE

Defendants invoke all applicable affirmative defenses enumerated in Haw. R. Civ. P. 8(c)(1).

### FIFTH DEFENSE

Plaintiff's causes of action are barred by the fact that Defendants' actions were based on legitimate, non-discriminatory, business bases and reasons.

### SIXTH DEFENSE

Plaintiff failed to mitigate her damages, if any.

## SEVENTH DEFENSE

Unlimited punitive damages are unconstitutional.

## EIGHTH DEFENSE

One or more of Plaintiff's claims are barred by the exclusivity of the remedies provided under Hawaii's workers' compensation laws.

WHEREFORE, Defendants respectfully request and prays that:

1.   The Complaint filed herein be dismissed;

2.   The Defendants be awarded their reasonable attorney's fees and costs incurred in defending against the Complaint; and

3.   The Court grants such further relief as it deems just, proper and equitable.

DATED: Honolulu, Hawai'i, June 15, 2017.

_____
WAYNE S. YOSHIGAI
ANDREW L. PEPPER
Attorneys for Defendants

IN THE CIRCUIT COURT OF THE FIRST CIRCUIT

STATE OF HAWAII

| | |
|---|---|
| SHANNELL GRILHO,<br><br>Plaintiff,<br><br>vs.<br><br>PIONEER HI-BRED INTERNATIONAL, INC., E.I. DU PONT DE NEMOURS AND COMPANY; and DOE DEFENDANTS 1-10,<br><br>Defendants. | CIVIL NO.: 17-1-0779-05 VLC<br><br>CERTIFICATE OF SERVICE |

## **CERTIFICATE OF SERVICE**

I certify, on the date noted below, a copy of the foregoing document was duly served on the following by depositing same in the United States mail, first class postage prepaid, addressed as follows:

MICHAEL JAY GREEN, ESQ.
BRIAN K. MACINTOSH, ESQ.
841 Bishop Street, Suite 2201
Honolulu, Hawaii 96813
    Attorneys for Plaintiff

DATED: Honolulu, Hawai'i, June 15, 2017.

_____
WAYNE S. YOSHIGAI
ANDREW L. PEPPER
Attorneys for Defendant

4812-6303-6490, v. 3